UNITED STATES DISTRICT COURT
                       DISTRICT OF CONNECTICUT

JASON SHOLA AKANDE            :

V.                            :           PRISONER
                                      CASE NO. 3:12-CV-24 (RNC)
WARDEN                        :

                            **RULING AND ORDER**

    Petitioner, currently in the custody of U.S. Immigration and Customs Enforcement awaiting deportation, brings this action pursuant to 28 U.S.C. § 2254 challenging a state conviction for forgery. He has filed a motion seeking my recusal for bias. For reasons that follow, the motion to recuse is denied and the petition is dismissed.

    Addressing the recusal motion first, a judge must recuse himself "in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Petitioner's recusal motion is based on rulings I made in a federal criminal case in which petitioner was convicted on charges relating to a passport fraud scheme. See United States v. Carter, No. 10-288-cr, 448 Fed. App'x. 112 (2d Cir. Nov. 23, 2011). In addition, he complains about rulings I have made denying his applications to proceed in forma pauperis based on the "three-strikes" limitation contained in the Prison Litigation Reform Act, 28 U.S.C. § 1915(g). "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion." Liteky v. United States, 510 U.S. 540, 555 (1994). This case is no exception because petitioner points to no ruling evincing such a deep-seated antagonism toward


him as to justify recusal. See id. Accordingly, his motion for recusal is denied.

Turning to the petition itself, Rule 4 of the Rules Governing Section 2254 cases requires the Court to dismiss the petition if it plainly appears that the petitioner is not entitled to relief. A prerequisite to habeas relief under § 2254 is the exhaustion of available state remedies. 28 U.S.C. § 2254(b)(1)(A). Exhaustion requires the petitioner to use procedures available under state law to raise his claims and properly pursue the claims through the entire appellate process of the state. See Justices of Boston Mun. Court v. Lyndon, 466 U.S. 294, 302-03 (1984); Willette v. Fischer, 508 F.3d 117, 121 (2d Cir. 2007). It plainly appears from the face of the petition that petitioner has not satisfied the exhaustion requirement. The petition states that the grounds petitioner seeks to raise here have been raised in a state habeas case that is "still pending" in Connecticut Superior Court.[1]

Accordingly, the petition is hereby dismissed.

So ordered this 17th day of August 2012.

>                                   /s/
>                         Robert N. Chatigny
>                         United States District Judge

---

[1] The Court notes that petitioner has filed a motion for leave to amend seeking to add claims for false arrest and false imprisonment against the "team" that prosecuted the "passport fraud crimes." Petitioner cannot amend the petition concerning his state case to raise claims relating to his federal case. Accordingly, the motion to amend is denied.